| | |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

**Davis Polk**

**Benjamin S. Kaminetzky**

Davis Polk & Wardwell LLP  212 450 4259 tel
450 Lexington Avenue  212 701 5259 fax
New York, NY 10017  ben.kaminetzky@davispolk.com

March 6, 2018

Re:   Havlish, et al. v. Clearstream Banking, S.A., et al., Case No. 16-cv-8075 (KBF)
(Related Case: Peterson, et al. v. Islamic Republic of Iran, et al., Case No. 13-cv-9195 (KBF))

Via ECF

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Forrest:

We represent Clearstream Banking S.A. ("Clearstream"), a defendant in the above-referenced action (the "Havlish action"). Pursuant to this Court's December 12, 2017 order (ECF No. 44) (the "Stay Order"), we write on behalf of all parties to request a continued stay of the Havlish action, which the parties respectfully submit is appropriate under the circumstances.

The plaintiffs in the Havlish action filed their Complaint on October 14, 2016, and the matter, for all practical purposes, has been stayed since its inception. The Havlish action was initially assigned to United States District Judge John F. Keenan but was later deemed to be related to Peterson, et al. v. Islamic Republic of Iran et al., Case No. 13-cv-9195 (the "Peterson II action") and thus transferred to Your Honor. Both actions were commenced by judgment creditors of the Islamic Republic of Iran and seek to execute upon the same extraterritorial assets, under similar legal theories. As explained in plaintiffs' Related Case Statement, "both cases concern the same defendants, the same financial assets, the same legal and factual issues, and the same transactions and events." (ECF No. 7.)

On this basis, the parties requested a stay pending a decision by the United States Court of Appeals for the Second Circuit (the "Second Circuit") regarding the Peterson II plaintiffs' appeal of Your Honor's February 19, 2015 order dismissing the Peterson II action (the "February 2015 Order"). Your Honor entered an order on January 4, 2017 which stayed the Havlish action until the Second Circuit issued its decision in the Peterson II action. (ECF No. 37.)

The Second Circuit issued its decision in the Peterson II action on November 21, 2017. Peterson v. Islamic Republic of Iran, 876 F.3d 63 (2d Cir. 2017). The decision affirmed the February 2015 Order in many respects but, among other things, reversed the February 2015 Order's

determination that the extraterritorial assets at issue are definitively not subject to execution in a U.S. court because the Foreign Sovereign Immunities Act does not permit execution of foreign sovereign property outside the United States. Id. at 92. The decision stated that, on remand in Peterson II, this Court should determine whether the assets at issue should be subject to execution under the circumstances of the case.

On December 5, 2017, Clearstream and Banca UBAE, S.p.A. ("UBAE") (defendants in both the Havlish action and the Peterson II action) filed petitions for panel and en banc rehearing of the Second Circuit's decision in Peterson II. On December 8, 2017, the parties in this action requested that, given the similarities between the Havlish and Peterson II actions, the Havlish action continue to be stayed while the Second Circuit resolves the petitions for rehearing in Peterson II. (ECF No. 42.) The Court granted the requested stay and issued the Stay Order on December 12, 2017. The Stay Order directed that, "[w]ithin 28 days after the disposition of both petitions [for rehearing], the parties shall meet and confer in good faith to determine whether to request the Court to extend the stay in the Havlish action in light of any continued appellate proceedings in Peterson II." (Stay Order at 2.)

On February 7, 2018, the Second Circuit denied Clearstream's and UBAE's petitions for rehearing in Peterson II. On February 12, 2018, Clearstream filed a motion to stay the Second Circuit's issuance of the mandate in Peterson II on the basis that Clearstream intends to file a petition for certiorari to seek Supreme Court review of the Second Circuit's holding that foreign sovereign assets located outside the United States may be subject to execution in U.S. courts. Clearstream's motion asserted that the stringent requirements to stay the mandate pursuant to Federal Rule of Appellate Procedure 41(d)(2) had been met because Clearstream's petition for certiorari would present a "substantial question" for Supreme Court review and there is "good cause" for the stay, namely, that resolution of the Supreme Court petitions could render moot proceedings on remand. On February 26, 2018, Bank Markazi (also a defendant in both the Havlish action and the Peterson II action) filed a motion joining in Clearstream's request that the Second Circuit stay the mandate in Peterson II and stating that Bank Markazi also intended to file a petition for certiorari to the Supreme Court. On March 1, 2018, the Second Circuit granted Clearstream's and Bank Markazi's request to stay the mandate in Peterson II. The Second Circuit's order is attached hereto as Exhibit A.

In accordance with the Stay Order's directive, the parties have met and conferred in good faith regarding the propriety of a further stay. All parties believe an additional stay of the Havlish action is warranted under the circumstances and particularly in light of the Second Circuit's recent order staying the mandate in Peterson II. As the Second Circuit recognized, Clearstream's and Bank Markazi's petitions for certiorari in Peterson II will present a substantial question for Supreme Court review.[1] Because the Peterson II and Havlish actions involve the same assets, the same defendants, and similar legal theories, the outcome of Clearstream's and Bank Markazi's petitions for certiorari are likely to affect issues in the Havlish matter. To lift the stay of the Havlish action at this juncture, while critical aspects of the Second Circuit's decision remain under appellate review, would waste both judicial and party resources and force the parties to make consequential decisions—such as, in defendants' case, whether to answer the Complaint or move to dismiss—against an uncertain legal backdrop.

The parties therefore request that this Court order a further stay of the Havlish action (1) until the Supreme Court denies both Clearstream's and Bank Markazi's petitions for certiorari in Peterson II; or (2) if either or both petitions for certiorari are granted, until after the Supreme Court issues an opinion disposing of Clearstream's and Bank Markazi's appeals in Peterson II. In either event, within 28 days after the resolution of the Supreme Court proceedings in Peterson II, the

---

[1] We understand that UBAE is seriously considering filing a petition for writ of certiorari as well.

parties shall meet and confer in good faith to determine whether to request the Court to extend the stay in the <u>Havlish</u> action in light of the developments in <u>Peterson II</u>.

The parties respectfully request that, if no further stay of the <u>Havlish</u> action is requested by any of the parties or granted after the Supreme Court proceedings in <u>Peterson II</u> have been resolved, defendants' deadline to either answer the Complaint or file motions to dismiss shall be 30 days from (1) the date when all parties, in a meet and confer, agree not to seek a further stay of the <u>Havlish</u> action, or (2) the date when the Court denies the request of one or more parties for a further stay of the <u>Havlish</u> action.

Respectfully,

<u>/s/ Benjamin S. Kaminetzky</u>

Benjamin S. Kaminetzky


cc: All Counsel of Record (via ECF)